*FILED*

DEC 1  3 27 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLIFTON PETTEWAY | : | |
| | : | |
| VS. | : | NO. 3:02CV779 (MRK) |
| | : | |
| CITY OF NEW HAVEN and | : | |
| NEW HAVEN BOARD OF FIRE | : | DECEMBER 1, 2003 |
| COMMISSIONERS | : | |

## JOINT TRIAL MEMORANDUM

**(1)     TRIAL COUNSEL**

**For the Plaintiff**

John R. Williams
Norman A. Pattis
Timothy Mahoney
Christy Doyle
Elizabeth Brooks
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

**For the Defendants**

Audrey C. Kramer
Assistant Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
203.946.7968

**(2)    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1981, 1983, 1988 and 2000e, *et seq.*, of Title 42 of the United States Code.

**(3)    JURY-NONJURY**

This is a jury case.

**(4)    LENGTH OF TRIAL**

Three to four days.

**(5)    FURTHER PROCEEDINGS**

None.  Defendant contends that the plaintiff is not entitled to punitive damages because defendant is a governmental entity.  Plaintiff agrees.

**(6)    NATURE OF CASE**

This is an action by a former New Haven firefighter alleging racial discrimination in employment, in violation of Title VII and 42 U.S.C. § 1981; and denial of equal protection of the laws in violation of the Fourteenth Amendment as enforced through 42 U.S.C. § 1983.  Defendants claim they have a legitimate nondiscriminatory reason for terminating the plaintiff.

(7)   **TRIAL BY MAGISTRATE JUDGE**

Parties do not agree.


(8)   **LIST OF WITNESSES**

**For the Plaintiff**

1.  The plaintiff will testify concerning all aspects of his case.

2.  John Brantley will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

3.  Sheryl Broadnax will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

4.  Ron Dumas will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

5.  Ron Benson will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

6.  Gregory Liggins will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

7.  Freeman Troche will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

8.  Terrance Burroughs will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

9.  Patricia Cofrancesco will testify concerning the plaintiff's prior known

**(9)** | **DEPOSITION TESTIMONY**

None.

**(10)** | **EXHIBITS**

**For the Plaintiff**

1 (Identification only)        EEOC Dismissal and Notice of Rights

2        Calloway to Daniels (7/30/99)

3        Colon to Broadnax (8/10/99)

4        Broadnax to Wright (8/9/99)

5        Seward to Daniels (12/8/98)

6        Seward to Danield (12/7/98)

7        Broadnax to Daniels (12/7/98)

8        Marcarelli to Daniels (12/14/98)

9        Broadnax to Daniels (1/22/99)

10        Broadnax to Wright (8/9/99)

11        Petteway to Daniels (1/8/99)

12        Broadnax to Daniels (5/1/98)

13        Petteway Grievance #825-98-7 (5/4/98)

14        New Haven Register, 8/3/99, p. A-4

15        Broadnax to Daniels (6/11/98)

16        Petteway to Daniels (7/20/00)

complaints regarding alleged employment discrimination at the New Haven Fire Department.

10. William Gould will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

11. James Schwartz will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

12. Kevin Delaney will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

13. Charles Hewitt will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

14. Christopher Sanchez will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

15. Anthony Calloway will testify concerning disparate treatment within the New Haven Fire Department.

**For the Defendants**

See attached.

17    Petteway to Daniels (7/27/99)

18    General Order #18 (8/5/99)

19    Broadnax to Daniels (2/12/00)

20    Liggins to Daniels (1/21/99)

21    Shepa to Daniels (3/22/99)

22    Petition to Executive Board (2/17/98)

23    Cofrancesco to Daniels (3/9/98)

24    Complaint of Discrimination (2/8/01)

25    City of New Haven Workplace Violence Policy (10/29/99)

26    Daniels to Petteway (2/16/01)

27    Daniels to Board of Fire Commissioners (2/16/01)

28    General Order #34 (3/16/01)

**For the Defendants**

See attached.

(11)    **ANTICIPATED EVIDENTIARY PROBLEMS / MOTIONS IN LIMINE**

None known at this time.

(12)    **STIPULATIONS OF FACT AND LAW**

**Stipulations of Fact**

1. The plaintiff is an African-American male.

**(13)(b)(1)    PROPOSED VOIR DIRE QUESTIONS**

**<u>For the Plaintiff</u>**

1.  This is a lawsuit for employment discrimination brought by a firefighter against the City of New Haven and its Board of Fire Commissioners.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of employment discrimination?

5.  Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff or any of the lawyers involved in the case?

2. At all relevant times, the defendant City of New Haven was and is a municipal corporation in the State of Connecticut.

3. The defendants at all relevant times employed more than four hundred individuals.

4. The plaintiff was employed by the defendants as a New Haven Fire-fighter for approximately fifteen (15) years, having been hired on August 16, 1986

5. On March 16, 2001, the defendants terminated the plaintiff's employment.

6. Prior to the time of his termination, the plaintiff was active in an organization of minority firefighters called the New Haven Firebirds Society. As such, he had participated in litigation against the department and the city regarding alleged racial discrimination in hiring and promotions within the department. Such litigation had affected hiring and promotions within the department and had adversely affected the careers of some members of the department.

7. Prior to the time of his termination, the plaintiff had actively pursued internal grievances and complaints against the leadership of the department, alleging disparate treatment of himself and some other minority firefighters.

8. At all relevant times, the defendants acted under color of law.

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections? If so, please provide details.

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

12. Does anyone here believe that allegations of employment discrimination should be treated less seriously than other kinds of illegal activity?

13. The plaintiff is an African-American. Would anyone here be prejudiced against him because of that fact?

14. The plaintiff is a firefighter. Would anyone here be prejudiced either for or against him because of that fact?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with discrimination in employment or elsewhere?

16. Does anyone here believe that the laws which prohibit discrimination on the basis of race should be repealed or not enforced?

9

17.  Is there anyone here who would refuse to return a verdict in favor of the plaintiff even if he proved his case?

18.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19.  Where are you employed?

20.  If you are married, where is your spouse employed?

**For the Defendant**

See attached.


**(13)(b)(2)      PROPOSED JURY INSTRUCTIONS**

**For the Plaintiff**

1.  To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence, either directly or indirectly, that there is evidence of intentional discrimination.  Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of him.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one reasonably to believe that race was a motivating factor in the defendants' treatment of the plaintiff.  [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs

10

v. Burdine, 450 U.S. 248 (1981); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 104.03.]

    2.  The plaintiff is entitled to prevail in this case if he shows that discrimination was a motivating -- as opposed to determining -- factor in the challenged employment decisions or any one of them.  [Devitt, etc., § 104.03.]

    3.  Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's membership in a protected class was a factor in the defendants' adverse employment decision.  [Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).]

    4.  To establish discrimination in failing to retain the plaintiff in a position for which he was qualified by using indirect evidence, the plaintiff must prove what is called a prima facie case of race discrimination.  To establish a prima facie case, the plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that he was a member of a protected group; (2) that he was qualified for the position in question; (3) that he was terminated from the position despite his qualifications; (4) that subsequently either the position remained open or the employer awarded it to a person who was not a member of the protected class. [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Legrand v. Trustees of University of Arkansas, 821 F.2d 478 (8th Cir. 1987), cert. denied, 485 U.S. 1034 (1988); Blackwell v. Sun Electric Corp.,

11

696 F.2d 1176 (6th Cir. 1983); Cockrham v. South Central Bell Telephone Co.,
695 F.2d 143 (5th Cir. 1983); Meiri v. Dacon, 759 F.2d 989 (2d Cir.), cert.
denied, 474 U.S. 829 (1985); Geisler v. Folsom, 735 F.2d 991 (6th Cir. 1984);
Robinson v. Arkansas State Highway & Transportation Commission, 698 F.2d
957 (8th Cir. 1983); Lerma v. Bolger, 689 F.2d 589 (5th Cir. 1982).]

     5.  To establish retaliation against the plaintiff for having filed a complaint
of unlawful employment discrimination, the plaintiff must prove:  (1) that he filed
such a complaint; (2) that he thereafter suffered some form or forms of adverse
treatment from one or more of the defendants; (3) that the filing of his complaint
was a motivating factor in bringing about that adverse treatment.  If the plaintiff
has proven these three things, you must return a verdict in favor of the plaintiff
on his retaliation claim. [Levin v. Analysis & Technology, Inc., 960 F.2d 314 (2d
Cir. 1992); Medina-Munoz v. R. J. Reynolds Co., 896 F.2d 5 (1st Cir.
1990);Rizzo-Puccio v. College Auxiliary Services, Inc.,  216 F.3d 1073 (2d Cir.
2000).]

     6.  As to all of his employment discrimination claims, it is necessary only
that the plaintiff prove that the defendant in fact took some adverse employment
action against him and that his protected status (race or prior complaint of
discrimination) was a factor which played a part in the defendant's decision; in

12

other words, that the defendant had a discriminatory purpose or motive. [Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1101 (8th Cir. 1988).]

7. If you determine that the defendant discriminated against the plaintiff, then you must determine the amount of damages that he has suffered as a result. You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that he would have received had he not been discriminated against. Basically, you have the ability to make the plaintiff whole for any wages or other benefits that he has lost as a result of the discrimination against him. [Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v. Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Devitt, etc., supra, §§ 104.06, 104A.11.]

8. You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had he not been discriminated against for that period from the date of your verdict until the date when he would have voluntarily resigned or obtained other employment. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Devitt, etc., supra, §§ 104.05, 104.06, 104A.11.]

13

9. The plaintiff has alleged that, as a result of the defendants' intentional discrimination, he has suffered mental anguish, inconvenience and humiliation. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If you determine that the plaintiff has proven by a preponderance of the evidence that he has experienced mental anguish, inconvenience or humiliation, you may award him damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less. When considering the amount of monetary damages to which the plaintiff may be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience or humiliation he felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future. [Devitt, etc., supra, §§ 104.05, 104.06, 104A.11; Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v.

14

Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v.
Blue Cross, 151 Mich. App. 188, 390 N.W.2d 227 (1986).]

     10.  You have heard evidence that the defendant's treatment of the
plaintiff was motivated by the plaintiff's race and prior complaints of
discrimination, and also by other lawful reasons.  If you find that the plaintiff's
race or prior complaints was a motivating factor in the defendant's treatment of
the plaintiff, the plaintiff is entitled to your verdict, even if you find that the
defendant's conduct was also motivated by a lawful reason.  However, if you find
that the defendant's treatment of the plaintiff was motivated by both race or prior
complaints of discrimination, and lawful reasons, you must decide whether the
plaintiff is entitled to damages.  The plaintiff is entitled to damages unless the
defendant proves by a preponderance of the evidence that the defendant would
have treated plaintiff similarly even if the plaintiff's race or prior complaints had
played no role in the employment decision. [Desert Palace, Inc. v. Costa, 123 S.
CT. 2148, 2152 (2003)]

     11.  One of the issues in this case is whether the defendants violated the
plaintiff's right to equal protection of the laws under the federal constitution.  The
equal protection clause of the fourteenth amendment requires that all persons
similarly situated must be treated alike by the government and by government
officials.  Selective or different enforcement of otherwise constitutional laws on

the basis of unreasonable or prohibited distinctions violates the right to equal protection if that selective or different enforcement is intentional and without any rational basis, or if it is based on unlawful distinctions such as race, an intent to inhibit or punish the exercise of constitutional rights like the right to free speech, or merely on a malicious or bad faith desire to injure a particular person.  If you find that any defendant subjected the plaintiff to different or selective enforcement or application of the law, and if you further find that different or selective enforcement was intentional and irrational, or if you find that it was based on the plaintiff's membership in a particular group, his exercise of a protected right, or on malice or bad faith, then you must return a verdict in favor of the plaintiff on his equal protection claim. [Village of Willowbrook v. Olech, 528 U.S. 562 (2000); LeClaire v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980); Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996); LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1352 (2d Cir. 1994); FSK Drug Corp. v. Perales, 960 F.2d 6, 10 (2d Cir. 1992).]

   12.  Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means

16

acting in one's capacity as, in this case, New Haven city officials.  In this case, the defendants have stipulated that they were acting under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

      13.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if a defendant intended the actions which resulted in the violation of the plaintiff's rights or if a defendant acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

      **For the Defendants**

      See attached.

**(13)(b)(3)    JURY INTERROGATORIES / PROPOSED VERDICT FORM**

<u>For the Plaintiff</u>

1.  Has the plaintiff proved that the plaintiff's race was a motivating factor in the termination of his employment?

       Yes_____            No_____

2.  Has the plaintiff proved that his previous complaints alleging racial discrimination within the New Haven Fire Department were a motivating factor in the termination of his employment?

       Yes_____            No_____

3.  Has the plaintiff proved that he was denied the equal benefit of his employment rights because of his race?

       Yes_____            No_____

4.  Has the plaintiff proved that he was intentionally treated differently from other firefighters and that there was no legitimate reason for such different treatment?

       Yes_____            No_____

5.  If you have answered "yes" to any of the above questions, what amount of money is fair, just and reasonable to compensate the plaintiff for the injuries proximately caused by such action or actions?

       $_____

18

**For the Defendant**

See attached.

**(13)(b)(4)    PROPOSED CASE STATEMENT**

The plaintiff in this action, Clifton Petteway, was a New Haven Firefighter for approximately fifteen (15) years until he was fired by the defendants on March 16, 2001.  He has brought this suit contending that his race and previous complaints about alleged racial discrimination in the department was in part a motivating factor in his firing.  The defendants have denied the plaintiff's allegations.

THE PLAINTIFF

BY _____

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
His Attorney

19

## CERTIFICATION OF SERVICE

On December 1, 2003, a copy hereof was mailed to Attorney Audrey C. Kramer, Assistant Corporation Counsel, 165 Church Street, New Haven, CT 06510.

JOHN R. WILLIAMS

20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON PETTEWAY

     VS.                          **CASE NO. 3:02CV00779 (MRK)**

CITY OF NEW HAVEN AND
NEW HAVEN BOARD OF FIRE
COMMISSIONERS               **DECEMBER 1. 2003**

## DEFENDANTS' PORTION OF TRIAL MEMORANDUM

1.    **TRIAL COUNSEL**

Attorney Audrey C. Kramer
Assistant Corporation Counsel
City of New Haven
165 Church Street
4th Floor
Phone; (203) 946-7958
Fax: (203) 946-7942
Fed. Bar. No. CT14520

Attorney for the Defendants

2.    **JURISDICTION**

Plaintiff claims jurisdiction under the provisions of 28 USC Sections 1331,

1343 (3) and 1367(a) and 42 U.S.C Section 2000 e.

3.    **JURY/NONJURY**

This is a jury case.

1

**4.    LENGTH OF TRIAL**

Three to Four Days

**5.    FURTHER PROCEEDINGS**

Defendant contends that the plaintiff is not entitled to punitive damages as 42 U.S.C. 1981(a) (b)  provides that punitive damages are available in Title VII cases unless the defendant is "a government, governmental agency or political subdivision."  See Looby v. City of Hartford,  152 F. Supp.2d 181 (2001, D. Conn.)

**6.    NATURE OF THE CASE**

Plaintiff claims that he was terminated from his employment due to racial discrimination and in retaliation for his involvement in anti-discriminatory activities. The defendants claim they have a legitimate nondiscriminatory reason for terminating the plaintiff.

**7.    TRIAL BY MAGISTRATE JUDGE**

Defendants object to trial by Magistrate Judge.

2

8.    **LIST OF WITNESSES**

**A. DEFENDANT'S LIST OF WITNESSES**

1.    **Witnesses Defendant Expects to Call**

**Lieutenant Antonio Ramos**

952 Grand Avenue (Business Address)
New Haven, CT

**Anticipated Testimony Time – 1 to 2 hours**

Lt. Ramos will testify that to the nature of the confrontation between himself and
the plaintiff.

**Firefighter Terence Burroughs**

952 Grand Avenue (Business Address)
New Haven, CT

**Anticipated Testimony Time – Less than 1 hour**

Firefighter Burroughs will testify as to his observations of the confrontation
between Lt. Ramos and the plaintiff.

**Firefighter Robert Jackson**

952 Grand Avenue (Business Address)
New Haven, CT

**Anticipated Testimony Time – Less than 1 hour**

Firefighter Jackson will testify as to his observations of the confrontation between
Lt. Ramos and the plaintiff.

3

### Battalion Chief John Marquez

952 Grand Avenue (Business Address)
New Haven, CT

### Anticipated Testimony Time – Less than 1 hour

Battalion Chief Marquez will testify as to his intervention in the confrontation between Lt. Ramos and the plaintiff.

### Deputy Chief James Martens

952 Grand Avenue (Business Address)
New Haven, CT

### Anticipated Testimony Time – Less than 1 hour

Deputy Chief Martens will testify as to the orders he relayed to the plaintiff and the plaintiff's response to those orders.

### Deputy Chief James Brandt

952 Grand Avenue (Business Address)
New Haven, CT

### Anticipated Testimony Time – Less than 1 hour

Deputy Chief Brandt will testify as to the orders he relayed to the plaintiff and the plaintiff's response to those orders.

### Assistant Chief Ronald Dumas

952 Grand Avenue (Business Address)
New Haven, CT 06510

### Anticipated Testimony Time – 1 to 2 hours

Assistant Chief Ronald Dumas will testify as to the orders he relayed to the plaintiff and the plaintiff's response to those orders.

4

**Former Chief Dennis Daniels**

134 Englewood Drive
New Haven, CT 06515

**Anticipated Testimony Time –1 to 2 hours**

Chief Daniels will testify as to the confrontation between himself and the plaintiff that led to the plaintiff's termination. He will testify as to the reasons he preferred charges against the plaintiff.

**Bishop Theodore Brooks- Former Chairman of the New Haven Fire Commission**

271 Stevenson Road
New Haven, CT 06515

**Anticipated Testimony Time – Less than 1 hour**

Bishop Brooks will testify as to the reasons why he voted to terminate the plaintiff.

**George Longyear- Chairman of the New Haven Fire Commission**

74 Meadowview Street
New Haven, CT 06512

**Anticipated Testimony Time – Less than 1 hour**

Commissioner Longyear will testify as to the reasons why he voted to terminate the plaintiff.

**Abigail Padua- Member of the New Haven Fire Commission**

3 Crofton Street
New Haven, CT 06513

**Anticipated Testimony Time – Less than 1 hour**

Commissioner Padua will testify as to the reasons why she voted to terminate the plaintiff.

5

### William Celentano- Member of the New Haven Fire Commission

424 Elm Street
New Haven, CT 06511

### Anticipated Testimony Time – Less than 1 hour

Commissioner Celentano will testify as to the reasons why he voted to terminate the plaintiff.

### Stephen Kasowitz- Member of the New Haven Fire Commission

90 Livingston Street
Apt # 31
New Haven, CT 06511

### Anticipated Testimony Time – Less than 1 hour

Commissioner Kasowitz will testify as to the reasons why he voted to terminate the plaintiff.

**2.      Witnesses Defendant May Need to Call at Trial if Necessary**

None Anticipated

**9.      DEPOSITION TESTIMONY**

No deposition testimony will be used.

**10.    LIST OF EXHIBITS**

**A.      Defendant's List of Exhibits**

City of New Haven Workplace Violence Policy

Rules and Regulations - Department of Fire Service

January 26, 2001 Letter to Chief Daniels        Antonio E.  Ramos Lieutenant

6

| | |
|---|---|
| January 27, 2001 Letter to Chief Daniels | John Marquez, Battalion Chief |
| January 29, 2001 Letter to Chief Daniels | Clifton Petteway, Firefighter |
| January 31, 2001  Memorandum to Chief Daniels | Ronald  Dumas, Asst. Chief |
| Clifton Petteway Patient Appointment Sheet dated February 2, 2001 | |
| February 2, 2001 Case Incident Report | |
| February 5, 2001 Letter to Chief Daniels | Clifton Petteway, Firefighter |
| February 6, 2001 Case Incident Report | |
| February 6, 2001 Letter to Chief Daniels | Ronald  Dumas, Asst. Chief |
| February 6, 2001 Letter to Chief Daniels | James Martens, Deputy Chief |
| February 8, 2001 Letter to Clifton Petteway | Dennis Daniels, Chief |
| February 14, 2001Letter to Asst. Chief Dumas | Terrence Burroughs, Firefighter |
| February 16, 2001 Letter to Clifton Petteway | Dennis Daniels, Chief |
| February 16, 2001 Letter | Robert Jackson, Firefighter |
| February 23 , 2001 Letter to Chief Daniels | Clifton Petteway, Firefighter |
| March 12, 2001 Letter to Clifton Petteway | Dennis W. Daniels Chief |
| General Order #34 Dated March 16, 2001 | Dennis W. Daniels Chief |

7