**A.    Defendant's Exhibits that may be Offered at Trial If Need Arises**

Transcript of March 16, 2002  Disciplinary Hearing


**11.    ANTICIPATED EVIDENTIARY PROBLEMS**

None


**12.    STIPULATIONS OF FACT AND LAW**

The Defendant, City of New Haven is a municipal corporation and that the Defendant,  Fire Commissioners are the sole authority for removal of firefighters.

The plaintiff was hired on August 16, 1986 and was employed by the City of New Haven as a firefighter from that dated until March 16, 2001.

Prior to his termination,  the plaintiff was an active member of the minority organization of firefighters called the New Haven Firebirds Society and had participated in both litigation and grievances against the department for alleged racial discrimination in hiring and promotions  within the department.

On March 16, 2001, the defendants terminated  the plaintiff's employment. The stated reasons for the plaintiff's termination were violation of department rules and regulations, to wit

    (a) refusal to leave the officer's quarters so the lieutenant could eat his dinner; and

    (b) pushing open the door to said quarters; and

    (c) refusing to submit a letter  regarding the above; and

(d) refusing to appear in the Chief's office to discuss the above; and

(e) reporting for duty when he had been instructed not to do so; and

(f) placing his finder on the Chief's chest while riding with him in a elevator and stating: "You're pushing me Dennis"

The above actions violated the Rules and Regulations of the Department of Fire Service and the City of New Haven' s Workplace Violence Policy. The plaintiff has  complied with all procedural prerequisites to suit under the statutes alleged in his complaint.

**13.    TRIAL TO COURT/JURY**

    b.    **TRIAL TO JURY**

        1.    **Proposed Voir Dire Questions**

        See Attached

        2.    **Requests For Jury Instructions**

        See Attached

        3.    **Proposed Verdict Form**

        See Attached

        4.    **Proposed Case Statement**

        This is a case alleging that the plaintiff was terminated by the defendants because of his race and in retaliation for his involvement in anti-discriminatory activities within the department. The plaintiff, Clifton Petteway is claiming damages for physical injury, emotional distress, the compensatory damages for back

9

wages and loss of benefits.  The defendants, City of New Haven

and the New Haven Board of Fire Commissioners deny these

allegation and contend that they terminated the plaintiff based upon

his violations of  the Rules and Regulations of the Department of

Fire Service and the City of New Haven' s Workplace Violence

Policy.


                    RESPECTFULLY SUBMITTED
                    THE DEFENDANTS


          BY:
                    Audrey C. Kramer
                    Assistant Corporation Counsel
                    City of New Haven
                    165 Church Street
                    New Haven, CT  06510
                    (203)946-7968
                    Federal Bar # CT14520

10

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered or mailed, postage prepaid on December 1, 2003, to the following counsel of record:

Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT 06510

Audrey C. Kramer

J:\CYCOM32\WPDOCS\D020\P002\00006157.DOC

11

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**CLIFTON PETTEWAY**                    **CASE NO.: 302CV00779 (MRK)**

**VS.**

**CITY OF NEW HAVEN & NEW HAVEN**
**BOARD OF FIRE COMMISSIONERS**          **DECEMBER 1, 2003**

### DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Counsel for the defendants in the above-captioned matter respectfully requests that the following questions be asked of potential jurors:

1)    Have you ever been involved in the making of personnel decisions regarding hiring or firing of employees?

   a)    If so, please state:

      i)     the nature of the employment;

      ii)    your involvement in the decision making process; and

      iii)   whether this would affect your ability to be a juror in a case involving a discharge of an employee who alleges to be suffering from depression and/or age discrimination.

2)    Have you, or any member of your family or any acquaintance been terminated from employment?

   a)    If so, please state:

1

i)      The nature of your relationship with this person or person;

ii)     the nature of the employment;

iii)    the reason for your termination; and

iv)     whether this would affect your ability to be a

v)      juror in a case involving a discharge of an employee who alleges to be suffering from depression and/or age discrimination?

3)      Have you, or any member of your family or any acquaintance been discriminated against due to your race/ethnicity?

a)      If so, please state:

i)      the nature of the discrimination; and

ii)     whether this would affect your ability to be a juror in a case involving a discharge of an employee who alleges to have been terminated due to his race?

4)      Have you, or any member of your family or close friend, ever belonged to any fraternal, civil rights or civil justice organization?

a)      If so, please provide details, including the name of the organization.

2

b)    Do you believe that anything about that membership might affect your ability to judge this case fairly?  If so, in what way?

5)    Have you, or any member of your family or any acquaintance ever been employed by any government agency including but not limited to the City of New Haven?

a)    If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

b)    Do you believe that anything about that experience or involvement might affect your ability to judge this case fairly, and if so, in what way?

6)    Have you read or otherwise learned anything about any other claims regarding race discrimination, whether reported in the newspaper, on the radio or television, or from some other person?

a)    If you answer is yes, please provide details.

b)    Do you believe anything about that information you received might affect your ability to judge this particular case fairly?

7)    Have you, or any member of your family, or close friend, ever been a plaintiff or defendant in a lawsuit?  If so, please provide details.  Do you

3

believer that anything about that involvement in a lawsuit might affect your ability to judge this case fairly, and if so, in what way?

8)    Have you, or any member of your family or close friend, ever been a witness in a lawsuit?   If so, please provide details.   Do you believe that anything about that experience or involvement might affect your ability to judge this case fairly, and if so, in what way?

RESPECTFULLY SUBMMITTED,
THE DEFENDANTS

BY:   _____

Audrey C. Kramer
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
(203) 946-7968
Federal Bar # CT14520

## CERTIFICATION

**THIS IS TO CERTIFY** that a copy of the foregoing was either hand delivered or mailed, postage prepaid, on  December 1, 2003,  to the following counsel of record:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D021\P002\00006221.DOC

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON PETTEWAY                    :
                                    :
VS.                                 :         CASE NO. 3:02CV00779 (MRK)
                                    :
CITY OF NEW HAVEN & NEW HAVEN :
BOARD OF FIRE COMMISSIONERS    :        DECEMBER 1, 2003

## DEFENDANT'S PROPOSED JURY INTERROGATORIES

The plaintiff, Clifton Petteway, claims that the defendants discriminated against him on the grounds of his race and in retaliation for his previous complaints about racial discrimination at the New Haven Department of Fire Services.

You must first decide if Mr. Petteway has met his burden of establishing a prima facie case of discrimination and/or retaliation.   Your conclusion in each instance must be unanimous.

If you do find that he has proven a prima facie case of discrimination and/or retaliation than you must determine whether the defendants have offered evidence of a legitimate non discriminatory reason for the plaintiff's termination.   Again, your conclusion in each instance must be unanimous.

If you determine that the defendants have not met their burden of producing evidence of a legitimate non-discriminatory reason for its termination of the plaintiff then you would find for the plaintiff. Again, your conclusion in each instance must be unanimous.

1

If you find that the defendants have produced evidence of a legitimate nondiscriminatory reason for terminating the plaintiff, then the plaintiff must prove by a preponderance of the evidence that the reason offered by the defendant's is not worthy of belief. Again, your conclusion in each instance must be unanimous.

1) Has the plaintiff proven her claim that his termination was under circumstances given rise to an inference of racial discrimination?

Yes _____ No _____

2) Has the plaintiff proven his claim that there was a causal connection between his complaints about and objections to racial discrimination and his termination.

Yes _____ No _____

3) If your answer to either interrogatories 1 or 2 is yes,   have the defendants produced evidence of a legitimate nondiscriminatory reason to explain why they terminated the plaintiff . If the answer is no,  you must find for the plaintiff and go to question number 7 and determine damages. If the answer is yes go to question number 4.

Yes _____ No _____

4. Has the plaintiff proven his claim by a preponderance of the evidence that the legitimate reasons offered by the defendants were not true reasons but a pretext for discrimination and or/ retaliation? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on these claims.

Yes _____ No _____

2

5.    Has the plaintiff proven his claim by a preponderance of the evidence that the defendants violated his right to equal protection under the Fourteenth Amendment to the constitution of the Unites States? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on this claim.

Yes _____ No _____

6.    Has the plaintiff proven his claim by a preponderance of the evidence that he was terminated in retaliation for his right to freedom of speech? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on this claim.

Yes _____ No _____

7.    What compensatory damages or nominal damages is the plaintiff entitled?

$ _____

RESPECTFULLY SUBMITTED,
THE DEFENDANTS,

By:_____
     Audrey C. Kramer
     Assistant Corporation Counsel
     Federal Bar No. ct14520
     165 Church Street
     New Haven, CT  06510
     Tel. No. (203) 946-7968

3

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was either hand delivered or mailed, postage prepaid, on December 1, 2003, to the following counsel of record:

Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D005\P002\00006567.DOC

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON PETTEWAY                    :
                                    :
VS.                                 :        CASE NO. 3:02CV00779 (MRK)
                                    :
CITY OF NEW HAVEN & NEW HAVEN :
BOARD OF FIRE COMMISSIONERS    :        DECEMBER 1, 2003

### PROPOSED JURY INSTRUCTIONS

1.    <u>1983 Claim</u>

The plaintiff also brings federal claims are under a section of the federal law, 42

U.S.C. §1983, known as the Civil Rights Act.  This statute, which I will refer to as

"Section 1983" allows lawsuits to be brought for money damages when a person, acting

under the color of state law, deprives another person or corporation, of constitutional or

federal rights.  Specifically, Section 1983 provides that:

Every person who, under color of any statute...of any State...subjects or causes

to be subjected, any citizen of the United States...to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following

three elements by a preponderance of the evidence:

    A.    that the defendants acted under color of state law; and

- 1 -

B.    that the conduct of the defendant deprived her of a right secured by the Constitution of the United States; and

C.    that the actions of either defendant, or both, were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut State law. Both sides agree that defendants terminated the plaintiff and therefore, the City was acting under color of state law. Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendant deprived him of a constitutional right, and that the conduct of the defendant proximately caused his injuries and damages. Among the privileges and immunities secured by the United States Constitution and made applicable to states and cities by the 14th Amendment to the United States Constitution are the rights to free speech under the first amendment and equal protection of the law.

In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff. If the City intended to perform the actions which resulted in a violation of his rights. He is also entitled to relief if the defendant acted with a reckless disregard of her rights. Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated. However, if the defendant acted negligently, mistakenly, or

- 2 -

inadvertently, then it cannot be said to have violated a plaintiff's rights. Thus, if you determine that the defendant acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for the defendants.[1]

## 2.    Violation of Equal Protection

The equal protection clause requires that the government treat all similarly situated people alike. [2] In order to assert equal protection claim, the plaintiff must prove that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. [3]   The plaintiff must also establish that the discrimination was intentional. [4]

A violation of equal protection by selective treatment arises if:

A.     the person, when compared with others similarly situated, was selectively treated;

---

[1] Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3;
       Schwartz and Pratt.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.
Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).
Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and  3-5; Schwartz and Pratt.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.
Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

[2] City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).
[3] Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).
[4] Ricketts v. City of Hartford, 74 F.3d 1397, 1407 (2d. Cir. 1996).

- 3 -

B.     such   selective   treatment   was   based   upon   impermissible considerations to inhibit or punish the exercise of constitutional rights, or a malicious or bad faith intention to hurt the person.

Both of these elements; that is the similarly situated, selectively treated, and then the impermissible considerations, they're both necessary to state a claim. A demonstration of different treatment from persons similarly situated, without more, would not establish malice or bad faith. A plaintiff must prove the defendants had a specific intent to retaliate against the plaintiff in order to injure [him]. Mere negligent conduct or mistaken judgment does not support as denial of equal protection. Unequal results do not prove an equal protection claim.

In determining plaintiff's claim the defendant violated [his] right to equal protection of the laws, I will instruct you that if you find the defendants singled out the plaintiff for different treatment from other similarly situated, and if you find that the defendant has no rational reason , but had impermissible motives for doing so, then you may find that the defendant violated the plaintiff's right to equal protection of the laws.

In order to establish that [he] was subject to selective treatment, the plaintiff must show that [he] was similarly situated to the other persons , but was nevertheless treated differently.   To be "similarly situated, " the individual with whom [he] attempts to compare [himself] with must be similarly situated in all material respects.

- 4 -

If you find that the defendants singled out the plaintiff for disciplinary measures and disparate treatment as a result of violation of plaintiff's equal protection rights, then you may find the defendants liable for that violation.[5]

## 3.    First Amendment

In order to prove retaliation in violation of the right of freedom of speech and freedom to petition the government protected by the First Amendment to the Constitution of the United States, Mr. Petteway must prove the following:

A.    that he was subjected to adverse employment actions which is admitted; and

B.    that his speech or petitioning of the government was constitutionally protected, that is, that it was on an issue of public concern and not his private complaints; and

C.    that his protected speech or petitioning of the government was a substantial or motivating factor in the defendants' adverse employment decision Stated another way, even if there was retaliation Mr. Petteway cannot recover for retaliation in violation of the First Amendment to the Constitution if he was speaking out or petitioning the government regarding his personal employment circumstances; and

---

[5] Instruction given by the Hon. Warren W. Eginton in Broadnax v. The City of New Haven, Civil No. N-98-807 (WWE).

- 5 -

     D.     that he was actually inhibited in the subsequent exercise his right to freedom of speech and petitioning of the government.

The plaintiff must prove that even if the plaintiff's speech is constitutionally protected you must then balance the interests of the employee, as a citizen, in commenting on matters of public concern with the interests of the City, as an employer, in promoting the efficiency of the public service it performs.

In other words, an employer is not required to permit speech that impedes an employee's performance of her duties or that interferes with the proper functioning of the workplace.

Lastly, the defendant may not be liable if it can show that it would have taken the same actions even in the absence of the protected conduct.

4.     **Title VII- Discrimination**

The plaintiff to establish a prima facie case of discrimination under Title VII must prove the following elements:

     A.     he is a member of a protected class; and

     B.     he was qualified for his position; and

     C.     he was discharged; and

     D.     his discharge was under circumstances given rise to an inference of discrimination[6]

---

[6] <u>Fisher v. Vassar College</u>, 114 F.3d 1332, 1344 (2D.Cir. 1997)

In this particular case, the defendants admit that the plaintiff is a member of a protected class that was qualified for his position and discharged. The plaintiff in order to make out a prima facie case of discrimination would need to prove that his discharge was under circumstances that give rise to an inference of discrimination.

## 5.   Title VII- Retaliation

Plaintiff's federal claim is that defendant retaliated against him because he had been an active member in the organization of minority firefighters called the New Haven Firebirds Society and as a member of such society had been involved in litigation and internal grievances regarding alleged discrimination.

Title VII provides that it "shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [such employee] has opposed any practice made an unlawful practice by this subchapter."[7]

In order to establish a prima facie claim of retaliation, a plaintiff must show that:

A.   he engaged in a protected activity; and

B.   the employer was aware of the activity; and

C.   the employer took adverse action against the plaintiff Petteway – that is, an action that put Petteway at a disadvantage; and

D.   there is a causal connection between the protected activity and the adverse action.[8]

---

[7] 42 U.S.C. § 2000e-3(a).

- 7 -

As to the elements of retaliation, the defendants admit that the plaintiff was involved in protected activity that the defendants were aware of that activity and that the defendants took adverse action against that plaintiff. The plaintiff would therefore need to prove that there is a causal connection between the protected activity and the adverse action.

## 6.    Prima Facie Case

The plaintiff must make out a prima facie case of discrimination or retaliation under the aforementioned standards if you find that the plaintiff has not met his burden of establishing a prima facie case on either discrimination and/or retaliation, you must find for the defendants on those claims. [9]

## 7.    Burden Shifting

If you find that the plaintiff has met his burden of establishing a prima facie case on his discrimination and/or retaliation then you must determine whether the defendant has produced evidence of a legitimate nondiscriminatory reason to explain why they terminated the plaintiff. If you find that the defendants have produced a legitimate non-discriminatory reason for terminating the plaintiff, then the plaintiff now carries the burden to prove to you by a preponderance of the evidence that the legitimate reasons

---

[8] Tomka, 66 F.3d at 1308; Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d at 713.

[9] Pursuant to the holding of Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998), this charge may be unnecessary as the courts should determine whether the McDonell Douglas burdens of production have been met..

- 8 -

offered by the defendants were not true reasons but a pretext for discrimination[10] The

evidence must suggest that the offered explanation is "unworthy of credence."[11] .

**8.    Motivating Factor**

    **A.    Retaliation**

The plaintiff Petteway must prove, through either direct or circumstantial

evidence, that the employer's action was, in fact, motivated by discriminatory retaliation

for his involvement in lawsuits and internal grievances regarding alleged racial

discrimination.

The motive of retaliation does not need to be the sole cause of the adverse

employment action, and there may be other objectively valid grounds for an

employment decision.[12]  A retaliatory motive must be, however, "at least a 'substantial'

or 'motivating' factor" behind the adverse action.[13]   Petteway must prove that the

retaliation was for a complaint of racial discrimination, and not for some other activity.

The plaintiff Petteway may prove that retaliation was a "substantial" or

"motivating" factor behind an adverse employment action either:

    1.    indirectly, by showing that the protected activity was followed closely by

        discriminatory treatment, or through other circumstantial evidence such as

        disparate treatment of fellow employees who engaged in similar conduct;

---

[10] Texas Dep. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)
[11] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).
[12] See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); DeCintio v. Westchester County Med. Ctr., 821 F.2d 111, 116, n. 8 (2d Cir. 1987).

("To be considered "similarly situated" plaintiff must be able to demonstrate that he was similarly situated in all material respects" to those whom he alleges were treated differently."][14]

2.    directly, through evidence of retaliatory animus directed against the plaintiff by that defendant."[15]

**B.    <u>Racial Discrimination</u>**

To prove that racial discrimination was a motivating factor behind his termination the plaintiff "must demonstrate that it is more likely than not that the decision was made in substantial part because of the plaintiff's race."[16]

**9.    <u>Section 1981</u>**

To establish a claim under Section 1981, the plaintiff must prove the following elements:

A.    that he is a member of a racial minority; and

B.    there is an intent to discriminate against the plaintiff on the basis of his race by the defendants; and

C.    the discrimination concerns one or more of the activities enumerated in the Section 1981.[17]

---

[13] <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also* <u>DeCintio</u>, 821 F.2d at 115.
[14] Sumway v. United Parcel Service, Inc. 118 F.3 60, 64 (2d Cir.1997]
[15] <u>Raniola v. Bratton</u>, 243 F.3d 610, 625 (2d Cir. 2001); <u>Gordon v. New York City Bd. of Educ.</u>, 232 F.3d 111, 117 (2d Cir. 2000).
[16] <u>Reeves</u> at 153.
[17] <u>Mian v. Donaldson, Lufkin & Jenrette Securites Corp., 7 F.3d 1085, (2d Cir. 1993)</u> .

- 10 -

The defendants admit that the plaintiff is a member of a racial minority and termination from employment based upon race is covered under section 1981. Therefore the plaintiff only need prove that the defendants intentionally discriminated against the plaintiff by terminating him because of his race.

**10.    Proximate Cause**

I will now explain a legal principle that is applicable to all of the plaintiff's claims. The legal principle is called "proximate cause." "Proximate Cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury or damage. As with other issues in this case, the plaintiff must prove to you, by a preponderance of the evidence, that the defendant's actions were the proximate cause of the plaintiff's injuries. This is true for each of the defendants: that is, if you find more than one defendant liable under the rules I have explained to you, you must consider whether, or to what extent, that defendant's actions caused the plaintiff's injuries and losses.

**11.    Damages**

Now, if you have found plaintiff Clifton Petteway has failed to prove, by a preponderance of the evidence, that any defendant acted illegally against him, then you should return your verdict for the defendant, and that will end your deliberations.

- 11 -

If, however, you determine that the defendants acted illegally under the rules of law that I have explained, then at that point, and only then, are you to consider what compensatory damages, if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded.  That determination is left entirely to you, the jury.  It is my duty to instruct you on principles governing damage awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven, by a preponderance of the evidence, to have been suffered, and which were proximately caused by the conduct of the defendant or defendants you find to be liable.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

## 12.    **Actual Damages**

If you find in favor of plaintiff then you must award the plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in his employment with defendant if he had not been discharged on March 16, 2001, through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

[You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages -- that is, to exercise reasonable diligence under the circumstances to

- 12 -

minimize his damages. Therefore, if you find by a preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.]

[Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.][18]

## 13.   Compensatory Damages

There are two kinds of damages that you may consider. The first is compensatory damages: a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct. You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain and suffering, including emotional pain and suffering, that you find to have occurred. However, you may not award damages unless the plaintiff has demonstrated actual injury as I have defined it.

## 14.   Attorney's Fees

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiff's attorney may be entitled for handling this lawsuit. That is a matter for this Court to consider, and may be awarded over and above damages awarded by the jury to the plaintiff. The fees to which the plaintiff's attorney may be

- 13 -

entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.[19]

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

By:_____
Audrey C. Kramer.
Assistant Corporation Counsel
Federal Bar No. ct14520
165 Church Street
New Haven, CT  06510
Tel. No. (203) 946-7968


## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was either hand delivered or mailed, postage prepaid, on December 1, 2003, to the following counsel of record:

Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D010\P002\00006025.DOC

---

[18] 1L. Sand, et al, Modern Federal Jury Instruction, Inst. 88-150.
[19] A similar instruction was given by the Hon. Jose A. Cabranes in Bodner v. Haeckel, Civil No. N-86-338 (JAC).  In a previous case before Judge Cabranes, the jury had awarded "the fees of plaintiff's attorney" as the sole express damages.

- 14 -