UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON PETTEWAY

VS.   CASE NO.: 302CV00779 (MRK)

CITY OF NEW HAVEN AND
NEW HAVEN BOARD OF FIRE
COMMISSIONERS   JANUARY 28, 2004

### DEFENDANT'S MOTION IN LIMINE

In the complaint, he filed in May 2002, plaintiff Clifton Petteway alleges that the City of New Haven and New Haven Board of Fire Commissioners terminated him because of his race and in retaliation for anti-discriminatory activities outlined in paragraphs 12 and 13 of Count One and Paragraphs 11 and 12 of Count Three(sic). The activities enumerated in his complaint are limited to his involvement in the Firebirds regarding litigation alleging racial discrimination in promotion and hiring and complaints and grievances regarding within the department regarding disparate treatment of minority

Relevant evidence as to the plaintiff's claims would be limited to his involvement in litigation and grievances regarding what he alleges to be discrimination and disparate treatment of minority firefighters at the New Haven Fire Department.

> The trial court has considerable discretion in determining whether to admit or exclude evidence, see, e.g., Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir.1997); Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 619 (2d Cir.1991), and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature, see Fed.R.Evid. 403. Further, "[e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected...." Fed.R.Evid. 103(a); see also Fed.R.Civ.P. 61 (erroneous evidentiary ruling will not justify the grant of a new trial unless allowing the judgment to stand would be "inconsistent with substantial justice").

Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

Evidence of the plaintiff's involvement in other organizations and issues addressed by such organizations should not be permitted, as it is irrelevant to the plaintiff's claims.

For the foregoing reasons, the plaintiff should not be permitted to introduce evidence concerning other organizations or causes that the plaintiff has been involved in outside of the Fire Department. In the event that the court does not grant this motion in full, the defendant asks that the court order the plaintiff to indicate his intent to introduce such testimony outside of the presence of the jury, and that such testimony first be presented to

the court outside the jury's presence, in order to avoid undue prejudice to the defendant in the event that it is disallowed.

Respectfully submitted,

BY: RESPECTFULLY SUBMITTED
THE DEFENDANTS

Audrey C. Kramer
Assistant Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT  06510
(203)946-7968
Federal Bar # CT14520

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2004, a copy of the foregoing Motion was mailed via first class mail, postage prepaid, to the following counsel of record:

Katrena Engstrom, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Facsimile (203) 776-9494

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D026\P002\00000455.DOC