

FILED

2004 FEB -2  P 4: 40

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLIFTON PETTEWAY | : | |
| | : | |
| VS. | : | NO. 3:02CV779 (MRK) |
| | : | |
| CITY OF NEW HAVEN and | : | |
| NEW HAVEN BOARD OF FIRE | : | FEBRUARY 2, 2004 |
| COMMISSIONERS | : | |

## REVISED JOINT TRIAL MEMORANDUM

**(1)    TRIAL COUNSEL**

### For the Plaintiff

John R. Williams
Norman A. Pattis
Katrena Engstrom
Timothy Mahoney
Christy Doyle
Elizabeth Brooks
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com

### For the Defendants

Audrey C. Kramer
Assistant Corporation Counsel
165 Church Street, 4th Floor

1

New Haven, CT 06510
203.946.7968

**(2)    JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and

1367(a) of Title 28 and Sections 1981, 1983, 1988 and 2000e, *et seq.*, of Title 42

of the United States Code.

**(3)    JURY-NONJURY**

This is a jury case.

**(4)    PROPOSED CASE STATEMENT**

The plaintiff, an African American Firefighter, claims that the defendants

terminated him because of his race and in retaliation for his involvement in anti-

discriminatory activities within the department.  The plaintiff was a firefighter for

approximately 15 years in the New Haven Fire Department.  While a New Haven

Firefighter, he was an outspoke member fo the New Haven Firebirds, a fraternal

organization of minority firefighters.  The plaintiff, Clifton Petteway, is claiming

damages for physical injury, emotional distress, the compensatory damages for

back wages and loss of benefits.

The defendants, City of New Haven and the New Haven Board of Fire

Commissioners, deny these allegations and contend that they terminated the

plaintiff based upon his violations of the Rules and Regulations of the
Department of Fire Service and the City of New Haven's Workplace Violence
Policy.

**(5)   LENGTH OF TRIAL**

Three to four days.

**(6)   FURTHER PROCEEDINGS**

None.  Defendant contends that the plaintiff is not entitled to punitive
damages because defendant is a governmental entity.  Plaintiff agrees.

**(7)   NATURE OF CASE**

This is an action by a former New Haven firefighter alleging racial
discrimination in employment, in violation of Title VII and 42 U.S.C. § 1981; and
denial of equal protection of the laws in violation of the Fourteenth Amendment
as enforced through 42 U.S.C. § 1983.  Defendants claim they have a legitimate
nondiscriminatory reason for terminating the plaintiff.

**(8)   TRIAL BY MAGISTRATE JUDGE**

Parties do not agree.  Defendants object to trial by Magistrate Judge.

**(9)   LIST OF WITNESSES**

**For the Plaintiff**

3

1. The plaintiff will testify concerning all aspects of his case.

2. John Brantley will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

3. Sheryl Broadnax will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

4. Ron Dumas will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

5. Ron Benson will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

6. Gregory Liggins will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

7. Freeman Troche will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

8. Terrance Burroughs will testify concerning the actions of the defendants both regarding the plaintiff and regarding others similarly situated.

9. Patricia Cofrancesco will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

10. William Gould will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire

4

Department.

11.  James Schwartz will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

12.  Kevin Delaney will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

13.  Charles Hewitt will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

14.  Christopher Sanchez will testify concerning the plaintiff's prior known complaints regarding alleged employment discrimination at the New Haven Fire Department.

15.  Anthony Calloway will testify concerning disparate treatment within the New Haven Fire Department.

### For the Defendants

1.      Lieutenant Antonio Ramos, 952 Grand Avenue (Business Address) New Haven, CT.  Anticipated Testimony Time -1 to 2 hours.  Lt. Ramos will testify that to the nature of the confrontation between himself and the plaintiff.

2.      Firefighter Terence Burroughs, 952 Grand Avenue (Business Address) New Haven, CT, Anticipated Testimony Time - Less than 1 hour. Firefighter Burroughs will testify as to his observations of the confrontation between Lt. Ramos and the plaintiff.

3.      Firefighter Robert Jackson, 952 Grand Avenue (Business Address) New Haven, CT.  Anticipated Testimony Time - Less than 1 hour.  Firefighter Jackson will testify as to his observations of the confrontation between Lt. Ramos and the plaintiff.

4.      Battalion Chief John Maraquez, 952 Grand Avenue (Business Address) New Haven, CT.  Anticipated Testimony Time - Less than 1 hour. Battalion Chief Marquez will testify as to his intervention in the confrontation between Lt. Ramos and the plaintiff.

5.      Deputy Chief James Martens, 952 Grand Avenue (Business Address) New Haven, CT.  Anticipated Testimony Time - Less than 1 hour. Deputy Chief Martens will testify as to the orders he relayed to the plaintiff and the plaintiffs response to those orders.

6.      Deputy Chief James Brandt, 952 Grand Avenue (Business Address) New Haven, CT.  Anticipated Testimony Time - Less than  1 hour.

Deputy Chief Brandt will testify as to the orders he relayed to the plaintiff and the plaintiffs response to those orders.

7.     Assistant Chief Ronald Dumas, 952 Grand Avenue (Business Address) New Haven, CT 06510.  Anticipated Testimony Time -1 to 2 hours. Assistant Chief Ronald Dumas will testify as to the orders he relayed to the plaintiff and the plaintiffs response to those orders.

8.     Former Chief Dennis Daniels, 134 Englewood Drive New Haven, CT 06515.  Anticipated Testimony Time -1 to 2 hours. Chief Daniels will testify as to the confrontation between himself and the plaintiff that led to the plaintiffs termination. He will testify as to the reasons he preferred charges against the plaintiff.

9.     Bishop Theodore Brooks- Former Chairman of the New Haven Fire Commission, 271 Stevenson Road New Haven, CT06515. Anticipated Testimony Time- Less than 1 hour. Bishop Brooks will testify as to the reasons why he voted to terminate the plaintiff.

10.     George Longyear- Chairman of the New Haven Fire Commission, 74 Meadowview Street,  New Haven, CT 06512. Anticipated Testimony Time -

Less than 1 hour.  Commissioner Long year will testify as to the reasons why he voted to terminate the plaintiff.

11.    Abigail Padua- Member of the New Haven Fire Commission, 3 Crofton Street New Haven, CT 06513. Anticipated Testimony Time - Less than 1 hour.  Commissioner Padua will testify as to the reasons why she voted to terminate the plaintiff.

12.    William Celentano- Member of the New Haven Fire Commission, 424 Elm Street New Haven, CT 06511. Anticipated Testimony Time - Less than 1 hour. Commissioner Celentano will testify as to the reasons why he voted to terminate the plaintiff.

13.    Stephen Kasowitz- Member of the New Haven Fire Commission, 90 Livingston Street Apt # 31 New Haven, CT 06511. Anticipated Testimony Time - Less than 1 hour. Commissioner Kasowitz will testify as to the reasons why he voted to terminate the plaintiff.

**(10)   DEPOSITION TESTIMONY**

None.

**(11)   EXHIBITS**

**For the Plaintiff**

1. (Identification only)        EEOC Dismissal and Notice of Rights

2.        Calloway to Daniels (7/30/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. A letter to the Chief by a Deputy Chief regarding his observation of a captain drinking alcoholic beverage two years prior to the plaintiff's termination for insubordination and violence in the workplace is not relevant to the plaintiff's claims of retaliatory termination based upon his first amendment rights and his race.**

3.        Colon to Broadnax (8/10/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. Defendant without an offer of proof can not ascertain the relevance of this document.**

4.        Broadnax to Wright (8/9/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. It appears to document some incidents of alleged insubordination and that measures be taken.  There is no indication of a lack of response to Drillmaster's Broadnax's request or its relevance to the plaintiff's allegations.**

5.        Seward to Daniels (12/8/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. Defendant without an offer of proof can not ascertain the relevance of this document.**

6.        Seward to Danield (12/7/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. Defendant without an offer of proof can not ascertain the relevance of this document.**

7.    Broadnax to Daniels (12/7/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. It appears to document some incidents of alleged insubordination and that measures be taken. There is no indication of a lack of response to Drillmaster's Broadnax's request or its relevance to the plaintiff's allegations.**

8.    Marcarelli to Daniels (12/14/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. It appears to be a response to allegation set forth in Exhibit 7. If Exhibit 7 is irrelevant then this exhibit is also irrelevant.**

9.    Broadnax to Daniels (1/22/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. It appears to document some incidents of alleged insubordination and that measures be taken. There is no indication of a lack of response to Drillmaster's Broadnax's request or its relevance to the plaintiff's allegations.**

10.    Broadnax to Wright (8/9/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. It appears to document some incidents of alleged insubordination and that measures be taken. There is no indication of a lack of response to Drillmaster's Broadnax's request or its relevance to the plaintiff's allegations.**

11.    Petteway to Daniels (1/8/99)

**Defendant's Objection: Defendants object to this exhibit as to relevance. This is a letter dated three years prior to the plaintiff's termination requesting a transfer. This document is not relevant to the plaintiff's claims of retaliatory termination based upon his first amendment rights and his race.**

12.    Broadnax to Daniels (5/1/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. This is a letter dated three years prior to the plaintiff's termination regarding sending the plaintiff to a training program. This document is not relevant to the plaintiff's claims of retaliatory termination based upon his first amendment rights and his race.**

      13.    Petteway Grievance #825-98-7 (5/4/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. This is a grievance as to acting as an officer on the date of the captain's exam. There is no allegation in this grievance that the opportunity was denied due to race or retaliation.**

      14.    New Haven Register, 8/3/99, p. A-4

**Defendant's Objection: Defendants object to this exhibit as to relevance. This is a newspaper article two years prior to the date of the plaintiff's termination in which both the Chief and the plaintiff seem to be of the same opinion. Furthermore, it refers to the plaintiff claims as to the department's policy on using firefighters to respond to medical calls and not discrimination which is the basis of the plaintiff's complaint.**

      15.    Broadnax to Daniels (6/11/98)

**Defendant's Objection: Defendants object to this exhibit as to relevance. Letter to Chief Daniels by Lt. Sheryl Broadnax requesting consideration of the plaintiff for the position of Driver Engine Co. #5 is not relevant to his claims of retaliatory termination based upon his first amendment rights and his race.**

      16.    Petteway to Daniels (7/20/00)

**Defendant's Objection: Defendants object to this exhibit as to relevance. Plaintiff's written request to be assigned to a position of pump operator is not relevant to his claims of retaliatory termination based upon his first amendment rights and his race.**

      17.    Petteway to Daniels (7/27/99)

**Defendant's Objection:** Defendant objects to this exhibit as to relevance. The plaintiff's letter to the Chief regarding his observation of a captain drinking alcoholic beverage two years prior to the plaintiff's termination for insubordination and violence in the workplace is not relevant to the plaintiff's claims of retaliatory termination based upon his first amendment rights and his race.

      18.    General Order #18 (8/5/99)

**Defendant's Objection:** Defendant objects to this exhibit as to relevance. The reprimand of a Captain for the presence of intoxicating beverages two years prior to the plaintiff's termination is not relevant to the plaintiff's claims of retaliation based upon his first amendment rights and his race.

      19.    Broadnax to Daniels (2/12/00)

**Defendant's Objection:** Defendant objects to this exhibit as to relevance. It appears to be an isolated incidence of questionable insubordination between parties where there is a question as to whom was the superior officer and whether Drillmaster Broadnax was entitled to prevent Captain Quinn from entering an office. There is no indication of a lack of response to Drillmaster's Broadnax's request or its relevance to the plaintiff's claims of retaliation based upon his first amendment rights and his race.

      20.    Liggins to Daniels (1/21/99)

**Defendant's Objection:** Defendant objects to this exhibit as to relevance. This appears to be an incident of threatened violence. There is no indication as to how this was addressed. This incident occurred before the City issued its workplace violence policy. Furthermore, there is no indication there was any physical contact between the parties.

      21.    Shepa to Daniels (3/22/99)

**Defendant's Objection:** Defendant objects to this exhibit as to relevance. This is a reference to an incident that occurred nearly four years before the incident in question. It appears to be a complaint of an incident in which the plaintiff was a victim of inappropriate conduct. There is no indication that anyone was ever identified as the perpetrator.

12

22.   Petition to Executive Board (2/17/98)

**Defendant's Objection: Defendant objects to this exhibit as to relevance. This is a letter signed by New Haven Fire Department Lieutenants who are not named in this suit as to an incident that occurred nearly three years prior to the incidents which led to the plaintiff's termination.**

23.   Cofrancesco to Daniels (3/9/98)

**Defendant's Objection: Defendant objects to this exhibit as to relevance. This is an internal memo regarding an incident that occurred nearly three years prior to the plaintiff's termination. It specifically acknowledges the fact that Firefighter Benson might claim retaliation but it was the opinion of legal counsel that the conduct was so egregious that this risk should taken. It shows that the memo writer was unsure as to the plaintiff's involvement in this incident. Furthermore, Exhibit 22 shows that the union recommended to its Executive Board that charges be brought against Firefighter Benson and Petteway.**

24.   Complaint of Discrimination (2/8/01)

**Defendant's Objection: Defendant objects to this exhibit as to relevance. This is a complaint drafted the day the plaintiff was notified of his being placed on administrative leave due to the acts that eventually led to his termination. The exhibit specifically references that completing this form does not constitute filing an official complaint with a legal authority. There is no indication that the complaint was ever filed.**

25.   City of New Haven Workplace Violence Policy (10/29/99)

26.   Daniels to Petteway (2/16/01)

27.   Daniels to Board of Fire Commissioners (2/16/01)

28.   General Order #34 (3/16/01)

**For the Defendants**

A.   City of New Haven Workplace Violence Policy

13

B.       Rules and Regulations - Department of Fire Service

C.       January 26, 2001 Letter to Chief Daniels, Antonio E. Ramos,

Lieutenant.

D.       January 27, 2001 Letter to Chief Daniels, John Marquez, Battalion

Chief.

E.       January 29, 2001 Letter to Chief Daniels, Clifton Petteway,

Firefighter.

F.       January 31, 2001 Memorandum to Chief Daniels, Ronald Dumas,

Asst. Chief.

G.       Clifton Petteway Patient Appointment Sheet dated February 2,

2001.

H.       February 2, 2001 Case Incident Report.

**Plaintiff's Objection:   The document is inadmissible hearsay.**

I.       February 5, 2001 Letter to Chief Daniels, Clifton Petteway,

Firefighter.

J.       February 6, 2001 Case Incident Report.

**Plaintiff's Objection:   The document is inadmissible hearsay.**

K.       February 6, 2001 Letter to Chief Daniels, Ronald Dumas, Asst.

Chief.

L.       February 6, 2001 Letter to Chief Daniels, James Martens, Deputy

Chief.

      M.    February 8, 2001 Letter to Clifton Petteway, Dennis Daniels, Chief.

      N.    February 14, 2001 Letter to Asst. Chief Dumas, Terrence
Burroughs, Firefighter.

      O.    February 16, 2001 Letter to Clifton Petteway, Dennis Daniels,
Chief.

      P.    February 16, 2001 Letter, Robert Jackson, Firefighter.

      Q.    February 23, 2001 Letter to Chief Daniels, Clifton Petteway,
Firefighter.

      R.    March 12, 2001 Letter to Clifton Petteway, Dennis Daniels, Chief.

      S.    General Order #34 dated March 16, 2001, Dennis Daniels, Chief.

Defendant's Exhibits that may be Offered at Trial If Need Arise:

Transcript of March 16, 2002 Disciplinary Hearing

## (12)   ANTICIPATED EVIDENTIARY PROBLEMS / MOTIONS IN LIMINE

     The defendants are contemporaneously filing a Motion in Limine to
prevent the plaintiff from entering into evidence his involvement in organizations
and issues not related to discriminatory practices within the New Haven Fire
Department. The plaintiff will respond to defendants Motion in Limine.

## (13)   STIPULATIONS OF FACT AND LAW

### Stipulations of Fact for the Plaintiff

   1. The plaintiff is an African-American male.

2. At all relevant times, the defendant City of New Haven was and is a municipal corporation in the State of Connecticut.

3. The defendants at all relevant times employed more than four hundred individuals.

4. The plaintiff was employed by the defendants as a New Haven Fire-fighter for approximately fifteen (15) years, having been hired on August 16, 1986.

5. On March 16, 2001, the defendants terminated the plaintiff's employment.

6. Prior to the time of his termination, the plaintiff was active in an organization of minority firefighters called the New Haven Firebirds Society. As such, he had participated in litigation against the department and the city regarding alleged racial discrimination in hiring and promotions within the department. Such litigation had affected hiring and promotions within the department and had adversely affected the careers of some members of the department.

7. Prior to the time of his termination, the plaintiff had actively pursued internal grievances and complaints against the leadership of the department, alleging disparate treatment of himself and some other minority firefighters.

8. At all relevant times, the defendants acted under color of law.

16

**Stipulations of Fact for the Defendant**

1.    The Defendant, City of New Haven is a municipal corporation and that the Defendant, Fire Commissioners are the sole authority for removal of firefighters.

2.    The plaintiff was hired on August 16, 1986 and was employed by the City of New Haven as a firefighter from that dated until March 16, 2001.

3.    Prior to his termination, the plaintiff was an active member of the minority organization of firefighters called the New Haven Firebirds Society and had participated in both litigation and grievances against the department for alleged racial discrimination in hiring and promotions within the department.

4.    On March 16, 2001, the defendants terminated the plaintiffs employment. The stated reasons for the plaintiffs termination were violation of department rules and regulations, to wit

a.    refusal to leave the officer's quarters so the lieutenant could eat his

dinner;

b.    pushing open the door to said quarters;

c.    refusing to submit a letter regarding the above;

d.    refusing to appear in the Chiefs office to discuss the above;

e.    reporting for duty when he had been instructed not to do so; and

f.    placing his finder on the Chiefs chest while riding with him in a elevator and stating: "You're pushing me Dennis"

5.    The above actions violated the Rules and Regulations of the Department of Fire Service and the City of New Haven's Workplace Violence Policy. The plaintiff has complied with all procedural prerequisites to suit under the statutes alleged in his complaint.

**(14)(b)(1)    PROPOSED VOIR DIRE QUESTIONS**

**For the Plaintiff**

1.  This is a lawsuit for employment discrimination brought by a firefighter against the City of New Haven and its Board of Fire Commissioners.  Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of employment discrimination?

5.  Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff or any of the lawyers involved in the case?

8.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

18

9.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections?  If so, please provide details.

10.  Has anyone here or any close to you ever been employed by an attorney?

11.  Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

12.  Does anyone here believe that allegations of employment discrimination should be treated less seriously than other kinds of illegal activity?

13.  The plaintiff is an African-American.  Would anyone here be prejudiced against him because of that fact?

14.  The plaintiff is a firefighter.  Would anyone here be prejudiced either for or against him because of that fact?

15.  Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with discrimination in employment or elsewhere?

16.  Does anyone here believe that the laws which prohibit discrimination on the basis of race should be repealed or not enforced?

17.  Is there anyone here who would refuse to return a verdict in favor of the plaintiff even if he proved his case?

18.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19.  Where are you employed?

20.  If you are married, where is your spouse employed?

**For the Defendant**

1.    Have you ever been involved in the making of personnel decisions regarding hiring or firing of employees?  If so, please state:

        a.    the nature of the employment;

        b.    your involvement in the decision making process; and

        c.    whether this would affect your ability to be a juror in a case involving a discharge of an employee who alleges to be suffering from depression and/or age discrimination.

2.    Have you, or any member of your family or any acquaintance been terminated from employment? If so, please state:

        a.    The nature of your relationship with this person or person;

        b.    the nature of the employment;

        c.    the reason for your termination; and

        d.    whether this would affect your ability to be a juror in a case involving a discharge of an employee who alleges to be suffering from depression and/or age discrimination?

20

3.     Have you, or any member of your family or any acquaintance been discriminated against due to your race/ethnicity? If so, please state:

a.     the nature of the discrimination; and

b.     whether this would affect your ability to be a juror in a case involving a discharge of an employee who alleges to have been terminated due to his race?

4.     Have you, or any member of your family or close friend, been an active member in any organization that has been involved in promotion of civil rights or civil justice directed toward a state, local or federal entity or agency?

a.     If so, please provide details, including the name of the organization.

b.     Do you believe that anything about that membership might affect your ability to judge this case fairly? If so, why?

5.     Have you, or any member of your family or any acquaintance ever been employed by any government agency including but not limited to the City of New Haven?

a.     If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

b.    Do you believe that anything about that experience or involvement might affect your ability to judge this case fairly, and if so, in what way?

6.    Have you read or otherwise learned anything about any other claims regarding race discrimination, whether reported in the newspaper, on the radio or television, or from some other person?

a.    If you answer is yes, please provide details.

b.    Do you believe anything about that information you received might affect your ability to judge this particular case fairly?

7.    Have you, or any member of your family, or close friend, ever been a plaintiff or defendant in a lawsuit? If so, please provide details. Do you believe that anything about that involvement in a lawsuit might affect your ability to judge this case fairly, and if so, in what way?

8.    Have you, or any member of your family or close friend, ever been a witness in a lawsuit? If so, please provide details. Do you believe that anything about that experience or involvement might affect your ability to judge this case fairly, and if so, in what way?

**(14)(b)(2)    PROPOSED JURY INSTRUCTIONS**

**<u>For the Plaintiff</u>**

1.  To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence, either directly or indirectly, that there is evidence of intentional discrimination.  Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of him.  Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one reasonably to believe that race was a motivating factor in the defendants' treatment of the plaintiff.  [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 104.03.]

2.  The plaintiff is entitled to prevail in this case if he shows that discrimination was a motivating -- as opposed to determining -- factor in the challenged employment decisions or any one of them.  [Devitt, etc., § 104.03.]

3.  Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's membership in a protected class was a factor in the defendants' adverse employment decision.  [Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).]

4.  To establish discrimination in failing to retain the plaintiff in a position for which he was qualified by using indirect evidence, the plaintiff must prove what is called a prima facie case of race discrimination.  To establish a prima

facie case, the plaintiff must prove each of the following elements by a
preponderance of the evidence:  (1) that he was a member of a protected group;
(2) that he was qualified for the position in question; (3) that he was terminated
from the position despite his qualifications; (4) that subsequently either the
position remained open or the employer awarded it to a person who was not a
member of the protected class.  [McDonnell Douglas Corp. v. Green, 411 U.S.
792 (1973); Legrand v. Trustees of University of Arkansas, 821 F.2d 478 (8th
Cir. 1987), cert. denied, 485 U.S. 1034 (1988); Blackwell v. Sun Electric Corp.,
696 F.2d 1176 (6th Cir. 1983); Cockrham v. South Central Bell Telephone Co.,
695 F.2d 143 (5th Cir. 1983); Meiri v. Dacon, 759 F.2d 989 (2d Cir.), cert.
denied, 474 U.S. 829 (1985); Geisler v. Folsom, 735 F.2d 991 (6th Cir. 1984);
Robinson v. Arkansas State Highway & Transportation Commission, 698 F.2d
957 (8th Cir. 1983); Lerma v. Bolger, 689 F.2d 589 (5th Cir. 1982).]

        5. The plaintiff claims that he was unfairly disciplined, and terminated, in
retaliation for his work speaking out in the interests of other African-American
firemen in an association of New Haven Firemen known as "The Firebirds".
In order to establish retaliation for expressing his First Amendment rights, the
plaintiff must show that (1) he made statements of public concern, (2) the
defendants were aware of the statements, (3) he suffered adverse employment
action, such as termination,(4) there was a causal connection between his

24

statements of public concern and the adverse employment action, and (5) the statements were not disruptive to the functioning of government activities. [Cobb v. Pozzi, 352 F. 3d 79, 95 (2d Cir. 2003);Board of County Comm'rs v. Umbehr, 518 U. S. 668 (1996); Mandell v. County of Suffolk, 316 F. 3d 368 (2d Cir. 2003)]

6.  As to all of his employment discrimination claims, it is necessary only that the plaintiff prove that the defendant in fact took some adverse employment action against him and that his protected status (race or prior complaint of discrimination) was a factor which played a part in the defendant's decision; in other words, that the defendant had a discriminatory purpose or motive. [Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1101 (8th Cir. 1988).]

7.  If you determine that the defendant discriminated against the plaintiff, then you must determine the amount of damages that he has suffered as a result.  You may award as actual damages an amount that reasonably compensates the plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that he would have received had he not been discriminated against.  Basically, you have the ability to make the plaintiff whole for any wages or other benefits that he has lost as a result of the discrimination against him.  [Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blum v.