Western Electric Co., 731 F.2d 1473 (10th Cir. 1984); Devitt, etc., supra, §§ 104.06, 104A.11.]

8. You shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had he not been discriminated against for that period from the date of your verdict until the date when he would have voluntarily resigned or obtained other employment. [Maxfield v. Sinclair International, 766 F.2d 788 (3d Cir. 1985); Blum v. Witco Chemical Corp., 829 F.2d 367 (3d Cir. 1987); Devitt, etc., supra, §§ 104.05, 104.06, 104A.11.]

9. The plaintiff has alleged that, as a result of the defendants' intentional discrimination, he has suffered mental anguish, inconvenience and humiliation. The plaintiff has the burden of proving any compensatory damages by a preponderance of the evidence. If you determine that the plaintiff has proven by a preponderance of the evidence that he has experienced mental anguish, inconvenience or humiliation, you may award him damages for those injuries. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for these elements of damages. The damages that you award must be fair compensation -- no more and no less. When considering the amount of monetary damages to which the plaintiff may

26

be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience or humiliation he felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the plaintiff's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future. [Devitt, etc., supra, §§ 104.05, 104.06, 104A.11; Adams v. Doehler-Harvis, 144 Mich. App. 764 (1985); Freeman v. Kelvinator, Inc., 569 F. Supp. 999 (E.D. Mich. 1979); Slayton v. Michigan Host, Inc., 122 Mich. App. 411, 332 N.W.2d 498 (1983); Riethmiller v. Blue Cross, 151 Mich. App. 188, 390 N.W.2d 227 (1986).]

      10. You have heard evidence that the defendant's treatment of the plaintiff was motivated by the plaintiff's race and prior complaints of discrimination, and also by other lawful reasons. If you find that the plaintiff's race or prior complaints was a motivating factor in the defendant's treatment of the plaintiff, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason. However, if you find that the defendant's treatment of the plaintiff was motivated by both race or prior complaints of discrimination, and lawful reasons, you must decide whether the plaintiff is entitled to damages. The plaintiff is entitled to damages unless the

defendant proves by a preponderance of the evidence that the defendant would have treated plaintiff similarly even if the plaintiff's race or prior complaints had played no role in the employment decision. [Desert Palace, Inc. v. Costa, 123 S. CT. 2148, 2152 (2003)]

11.  One of the issues in this case is whether the defendants violated the plaintiff's right to equal protection of the laws under the federal constitution.  The equal protection clause of the fourteenth amendment requires that all persons similarly situated must be treated alike by the government and by government officials.  Selective or different enforcement of otherwise constitutional laws on the basis of unreasonable or prohibited distinctions violates the right to equal protection if that selective or different enforcement is intentional and without any rational basis, or if it is based on unlawful distinctions such as race, an intent to inhibit or punish the exercise of constitutional rights like the right to free speech, or merely on a malicious or bad faith desire to injure a particular person.  If you find that any defendant subjected the plaintiff to different or selective enforcement or application of the law, and if you further find that different or selective enforcement was intentional and irrational, or if you find that it was based on the plaintiff's membership in a particular group, his exercise of a protected right, or on malice or bad faith, then you must return a verdict in favor of the plaintiff on his equal protection claim.  [Village of Willowbrook v. Olech,

528 U.S. 562 (2000); LeClaire v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980);

Crowley v. Courville, 76 F.3d 47, 52-53 (2d Cir. 1996); LaTrieste Restaurant and

Cabaret, Inc. v. Village of Port Chester, 40 F.3d 587 (2d Cir. 1994); Terminate

Control Corp. v. Horowitz, 28 F.3d 1335, 1352 (2d Cir. 1994); FSK Drug Corp. v.

Perales, 960 F.2d 6, 10 (2d Cir. 1992).]

  12. Federal law provides that any individual may seek redress in this

Court, by way of money damages, against any person or persons who, under

color of State law, deprive that individual of any of his constitutional rights.

"Acting under color of law" means "under pretense of law," and simply means

acting in one's capacity as, in this case, New Haven city officials.  In this case,

the defendants have stipulated that they were acting under color of law, so you

need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167

(1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42

F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

  13. It is not necessary to find that the defendants had any specific intent

to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.

The plaintiff is entitled to relief if a defendant intended the actions which resulted

in the violation of the plaintiff's rights or if a defendant acted in reckless disregard

of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means

not caring whether or not those rights were being violated.  [Merriwether v.

Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151,

1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v.

City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v.

Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d

204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993)

(Cabranes, J.).]

### For the Defendants

Please see attached.

## (14)(b)(3)    JURY INTERROGATORIES / PROPOSED VERDICT FORM

### For the Plaintiff

1. Has the plaintiff proved that the plaintiff's race was a motivating factor in the termination of his employment?

Yes_____          No_____

2. Has the plaintiff proved that his previous complaints alleging racial discrimination within the New Haven Fire Department were a motivating factor in the termination of his employment?

Yes_____          No_____

3. Has the plaintiff proved that he was denied the equal benefit of his employment rights because of his race?

Yes_____          No_____

4.  Has the plaintiff proved that he was intentionally treated differently from other firefighters and that there was no legitimate reason for such different treatment?

Yes_____          No_____

5.  If you have answered "yes" to any of the above questions, what amount of money is fair, just and reasonable to compensate the plaintiff for the injuries proximately caused by such action or actions?

$_____

**For the Defendant**

The plaintiff , Clifton  Petteway, claims that the defendants discriminated against him on the grounds of his race and in retaliation for his  previous complaints about racial discrimination at the New Haven Department of Fire Services.

You must first  decide if Mr. Petteway has met his burden of establishing a prima facie case of discrimination and/or retaliation. Your conclusion in each instance must be unanimous.

If you do find that he has proven a prima facie case of discrimination and/or retaliation than you must determine whether the defendants have offered

31

evidence of a legitimate non discriminatory reason for the plaintiffs termination. Again, your conclusion in each instance must be unanimous.

If you determine that the defendants have not met their burden of producing evidence of a legitimate non-discriminatory reason for its termination of the plaintiff then you would find for the plaintiff. Again, your conclusion in each instance must be unanimous.

If you find that the defendants have produced evidence of a legitimate nondiscriminatory reason for terminating the plaintiff, then the plaintiff must prove by a preponderance of the evidence that the reason offered by the defendant's is not worthy of belief. Again, your conclusion in each instance must be unanimous.

1.     Has the plaintiff proven her claim that his termination was under circumstances given rise to an inference of racial discrimination?

Yes_____          No_____ _____

2.     Has the plaintiff proven his claim that there was a causal connection between his complaints about and objections to racial discrimination and his termination.

Yes_____          No_____

3.     If your answer to either interrogatories 1 or 2 is yes, have the defendants produced evidence of a legitimate nondiscriminatory reason to explain why they terminated the plaintiff . If the answer is no, you must find for

32

the plaintiff and go to question number 7 and determine damages. If the answer is yes go to question number 4.

Yes_____          No_____

4.    Has the plaintiff proven his claim by a preponderance of the evidence that the legitimate reasons offered by the defendants were not true reasons but a pretext for discrimination and or/ retaliation? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on these claims.

Yes_____          No_____

5.    Has the plaintiff proven his claim by a preponderance of the evidence that the defendants violated his right to equal protection under the Fourteenth Amendment to the constitution of the Unites States? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on this claim.

Yes_____          No_____

6.    Has the plaintiff proven his claim by a preponderance of the evidence that he was terminated in retaliation for his right to freedom of speech? If the answer is yes go to question number 7 and determine damages. If the answer is no, you must find for the defendants on this claim.

Yes_____          No_____

33

7.    What compensatory damages or nominal damages is the plaintiff entitled?

$_____

**(14)(b)(4)    PROPOSED CASE STATEMENT**

The plaintiff in this action, Clifton Petteway, was a New Haven Firefighter for approximately fifteen (15) years until he was fired by the defendants on March 16, 2001.  He has brought this suit contending that his race and previous complaints about alleged racial discrimination in the department was in part a motivating factor in his firing.  The defendants have denied the plaintiff's allegations.

THE PLAINTIFF

BY _____

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
E-Mail: jrw@johnrwilliams.com
His Attorney

34

CERTIFICATION OF SERVICE

On February 2, 2004, a copy hereof was mailed to Attorney Audrey C. Kramer, Assistant Corporation Counsel, 165 Church Street, New Haven, CT 06510.

JOHN R. WILLIAMS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON PETTEWAY                    :
                                   :
VS.                                :        CASE NO. 3:02CV00779 (MRK)
                                   :
CITY OF NEW HAVEN & NEW HAVEN :
BOARD OF FIRE COMMISSIONERS   :        DECEMBER 1, 2003

## PROPOSED JURY INSTRUCTIONS

**1.    1983 Claim**

The plaintiff also brings federal claims are under a section of the federal law, 42

U.S.C. §1983, known as the Civil Rights Act.  This statute, which I will refer to as

"Section 1983" allows lawsuits to be brought for money damages when a person, acting

under the color of state law, deprives another person or corporation, of constitutional or

federal rights.  Specifically, Section 1983 provides that:

Every person who, under color of any statute...of any State...subjects or causes

to be subjected, any citizen of the United States...to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law.

To establish his claims under Section 1983, the plaintiff must prove the following

three elements by a preponderance of the evidence:

A.       that the defendants acted under color of state law; and

B.    that the conduct of the defendant deprived her of a right secured by the Constitution of the United States; and

C.    that the actions of either defendant, or both, were the proximate cause of the plaintiff's injuries and damages.

The first element that the plaintiff must prove is that the defendants were acting under color of Connecticut State law. Both sides agree that defendants terminated the plaintiff and therefore, the City was acting under color of state law. Since this element is not in dispute, you do not need to consider it.

So, the plaintiff must prove that the defendant deprived him of a constitutional right, and that the conduct of the defendant proximately caused his injuries and damages. Among the privileges and immunities secured by the United States Constitution and made applicable to states and cities by the 14th Amendment to the United States Constitution are the rights to free speech under the first amendment and equal protection of the law.

In a moment, I will explain each of these elements in greater detail, but I first want to explain that it is not necessary to find that the defendant had any specific intent to deprive the plaintiff of his constitutional rights in order for you to find for the plaintiff. If the City intended to perform the actions which resulted in a violation of his rights. He is also entitled to relief if the defendant acted with a reckless disregard of her rights. Reckless disregard of a plaintiff's rights means not caring whether or not those rights were being violated. However, if the defendant acted negligently, mistakenly, or

inadvertently, then it cannot be said to have violated a plaintiff's rights. Thus, if you determine that the defendant acted negligently, mistakenly, or inadvertently, even if you find that the plaintiff was injured as a result of those actions, you must find for the defendants.[1]

## 2.    **Violation of Equal Protection**

The equal protection clause requires that the government treat all similarly situated people alike.[2] In order to assert equal protection claim, the plaintiff must prove that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment.[3] The plaintiff must also establish that the discrimination was intentional.[4]

A violation of equal protection by selective treatment arises if:

      A.    the person, when compared with others similarly situated, was selectively treated;

---

[1] Section 1983 Litigation:  Jury Instructions, Vol. 4, Instruction 3.01.1, p. 3-3;
      Schwartz and Pratt.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 c., pp.1065-1066; Wright and Ankerman.
Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979).
Section 1983 Litigation: Jury Instructions, Vol. 4, Instruction 3.01.1, pp. 3-4 and 3-5; Schwartz and Pratt.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 f., h. and i.; Wright and Ankerman.
Connecticut Jury Instructions (Civil), Fourth Edition, Section 690 j. and k., pp. 1067 and 1068; Wright and Ankerman.
Brower v. County of Inyo, 489 U.S. 593, 596 (1989).

[2] City of Cleburne v. Cleburne Living Center,  473 U.S. 432, 439 (1985).
[3] Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).
[4] Ricketts v. City of Hartford, 74 F.3d 1397, 1407 (2d. Cir. 1996).

B.    such    selective    treatment    was    based    upon    impermissible considerations to inhibit or punish the exercise of constitutional rights, or a malicious or bad faith intention to hurt the person.

Both of these elements; that is the similarly situated, selectively treated, and then the impermissible considerations, they're both necessary to state a claim. A demonstration of different treatment from persons similarly situated, without more, would not establish malice or bad faith. A plaintiff must prove the defendants had a specific intent to retaliate against the plaintiff in order to injure [him]. Mere negligent conduct or mistaken judgment does not support as denial of equal protection. Unequal results do not prove an equal protection claim.

In determining plaintiff's claim the defendant violated [his] right to equal protection of the laws, I will instruct  you that if you find the defendants singled out the plaintiff for different treatment from other similarly situated, and if you find that the defendant has no rational reason , but had impermissible motives for doing so, then you may find that the defendant violated the plaintiff's right to equal protection of the laws.

In order to establish that [he] was subject to selective treatment, the plaintiff must show that [he] was similarly situated to the other persons , but was nevertheless treated differently.   To be "similarly situated, " the individual with whom [he] attempts to compare [himself] with must be similarly situated in all material respects.

If you find that the defendants singled out the plaintiff for disciplinary measures and disparate treatment as a result of violation of plaintiff's equal protection rights, then you may find the defendants liable for that violation.[5]

## 3.    First Amendment

In order to prove retaliation in violation of the right of freedom of speech and freedom to petition the government protected by the First Amendment to the Constitution of the United States, Mr. Petteway must prove the following:

A.    that he was subjected to adverse employment actions which is admitted; and

B.    that his speech or petitioning of the government was constitutionally protected, that is, that it was on an issue of public concern and not his private complaints; and

C.    that his protected speech or petitioning of the government was a substantial or motivating factor in the defendants' adverse employment decision Stated another way, even if there was retaliation Mr. Petteway cannot recover for retaliation in violation of the First Amendment to the Constitution if he was speaking out or petitioning the government regarding his personal employment circumstances; and

---

[5]  Instruction given by the Hon. Warren W. Eginton in Broadnax v. The City of New Haven, Civil No. N-98-807 (WWE).

D.    that he was actually inhibited in the subsequent exercise his right to freedom of speech and petitioning of the government.

The plaintiff must prove that even if the plaintiff's speech is constitutionally protected you must then balance the interests of the employee, as a citizen, in commenting on matters of public concern with the interests of the City, as an employer, in promoting the efficiency of the public service it performs.

In otherwords, an employer is not required to permit speech that impedes an employee's performance of her duties or that interferes with the proper functioning of the workplace.

Lastly, the defendant may not be liable if it can show that it would have taken the same actions even in the absence of the protected conduct.

## 4.    Title VII- Discrimination

The plaintiff to establish a prima facie case of discrimination under Title VII must prove the following elements:

A.    he is a member of a protected class; and

B.    he was qualified for his position; and

C.    he was discharged; and

D.    his discharge was under circumstances given rise to an inference of discrimination[6]

---

[6] _Fisher v. Vassar College_, 114 F.3d 1332, 1344 (2D.Cir. 1997)

In this particular case, the defendants admit that the plaintiff is a member of a protected class that was qualified for his position and discharged. The plaintiff in order to make out a prima facie case of discrimination would need to prove that his discharge was under circumstances that give rise to an inference of discrimination.

## 5.    **Title VII- Retaliation**

Plaintiff's federal claim is that defendant retaliated against him because he had been an active member in the organization of minority firefighters called the New Haven Firebirds Society and as a member of such society had been involved in litigation and internal grievances regarding alleged discrimination.

Title VII provides that it "shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [such employee] has opposed any practice made an unlawful practice by this subchapter."[7]

In order to establish a prima facie claim of retaliation, a plaintiff must show that:

A.    he engaged in a protected activity; and

B.    the employer was aware of the activity; and

C.    the employer took adverse action against the plaintiff Petteway – that is, an action that put Petteway at a disadvantage; and

D.    there is a causal connection between the protected activity and the adverse action.[8]

---

[7] 42 U.S.C. § 2000e-3(a).

As to the elements of retaliation, the defendants admit that the plaintiff was involved in protected activity that the defendants were aware of that activity and that the defendants took adverse action against that plaintiff. The plaintiff would therefore need to prove that there is a causal connection between the protected activity and the adverse action.

## 6.    Prima Facie Case

The plaintiff must make out a prima facie case of discrimination or retaliation under the aforementioned standards if you find that the plaintiff has not met his burden of establishing a prima facie case on either discrimination and/or retaliation, you must find for the defendants on those claims. [9]

## 7.    Burden Shifting

If you find that the plaintiff has met his burden of establishing a prima facie case on his discrimination and/or retaliation then you must determine whether the defendant has produced evidence of a legitimate nondiscriminatory reason to explain why they terminated the plaintiff. If you find that the defendants have produced a legitimate non-discriminatory reason for terminating the plaintiff, then the plaintiff now carries the burden to prove to you by a preponderance of the evidence that the legitimate reasons

---

[8] Tomka, 66 F.3d at 1308; Distasio v. Perkin Elmer Corp., 157 F.3d 55, 66 (2d Cir. 1998); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d at 713.

[9]  Pursuant to the holding of Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998), this charge may be unnecessary as the courts should determine whether the McDonell Douglas burdens of production have been met..

offered by the defendants were not true reasons but a pretext for discrimination[10] The

evidence must suggest that the offered explanation is "unworthy of credence."[11] .

## 8.   Motivating Factor

### A.   Retaliation

The plaintiff Petteway must prove, through either direct or circumstantial

evidence, that the employer's action was, in fact, motivated by discriminatory retaliation

for his involvement in lawsuits and internal grievances regarding alleged racial

discrimination.

The motive of retaliation does not need to be the sole cause of the adverse

employment action, and there may be other objectively valid grounds for an

employment decision.[12] A retaliatory motive must be, however, "at least a 'substantial'

or 'motivating' factor" behind the adverse action.[13]   Petteway must prove that the

retaliation was for a complaint of racial discrimination, and not for some other activity.

The plaintiff Petteway may prove that retaliation was a "substantial" or

"motivating" factor behind an adverse employment action either:

1.    indirectly, by showing that the protected activity was followed closely by

discriminatory treatment, or through other circumstantial evidence such as

disparate treatment of fellow employees who engaged in similar conduct;

---

[10] Texas Dep. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)
[11] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).
[12] See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir. 1993); DeCintio v. Westchester County Med. Ctr., 821 F.2d 111, 116, n. 8 (2d Cir. 1987).

("To be considered "similarly situated" plaintiff must be able to demonstrate that he was similarly situated in all material respects" to those whom he alleges were treated differently."][14]

2.    directly, through evidence of retaliatory animus directed against the plaintiff by that defendant."[15]

**B.    Racial Discrimination**

To prove that racial discrimination was a motivating factor behind his termination the plaintiff "must demonstrate that it is more likely than not that the decision was made in substantial part because of the plaintiff's race."[16]

**9.    Section 1981**

To establish a claim under Section 1981, the plaintiff must prove the following elements:

A.    that he is a member of a racial minority; and

B.    there is an intent to discriminate against the plaintiff on the basis of his race by the defendants; and

C.    the discrimination concerns one or more of the activities enumerated in the Section 1981.[17]

---

[13] Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also* DeCintio, 821 F.2d at 115.
[14] Sumway v. United Parcel Service, Inc. 118 F.3 60, 64 (2d Cir.1997)
[15] Raniola v. Bratton, 243 F.3d 610, 625 (2d Cir. 2001); Gordon v. New York City Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000).
[16] Reeves at 153.
[17] Mian v. Donaldson, Lufkin & Jenrette Securites Corp., 7 F.3d 1085, (2d Cir. 1993) .

The defendants admit that the plaintiff is a member of a racial minority and termination from employment based upon race is covered under section 1981. Therefore the plaintiff only need prove that the defendants intentionally discriminated against the plaintiff by terminating him because of his race.

10.     **Proximate Cause**

I will now explain a legal principle that is applicable to all of the plaintiff's claims. The legal principle is called "proximate cause." "Proximate Cause" means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury or damage. As with other issues in this case, the plaintiff must prove to you, by a preponderance of the evidence, that the defendant's actions were the proximate cause of the plaintiff's injuries. This is true for each of the defendants:  that is, if you find more than one defendant liable under the rules I have explained to you, you must consider whether, or to what extent, that defendant's actions caused the plaintiff's injuries and losses.

11.     **Damages**

Now, if you have found plaintiff Clifton Petteway has failed to prove, by a preponderance of the evidence, that any defendant acted illegally against him, then you should return your verdict for the defendant, and that will end your deliberations.

If, however, you determine that the defendants acted illegally under the rules of law that I have explained, then at that point, and only then, are you to consider what compensatory damages, if any, are due to the plaintiff.

Of course, the fact that I give you instructions on damages should not be taken as an indication that I think damages should, or should not, be awarded.   That determination is left entirely to you, the jury.  It is my duty to instruct you on principles governing damage awards so that, in the event you should find the defendant liable, you will know on what basis to consider any award of damages.

You may only award those damages which the plaintiff has proven, by a preponderance of the evidence, to have been suffered, and which were proximately caused by the conduct of the defendant or defendants you find to be liable.  Conduct is considered a proximate cause if it was a direct and substantial factor in causing the injury.

## 12.    **Actual Damages**

If you find in favor of plaintiff then you must award the plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in his employment with defendant if he had not been discharged on March 16, 2001, through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

[You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages -- that is, to exercise reasonable diligence under the circumstances to

minimize his damages. Therefore, if you find by a preponderance of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.]

[Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.][18]

## 13.  Compensatory Damages

There are two kinds of damages that you may consider.  The first is compensatory damages:  a sum of money that will fairly, adequately and reasonably compensate a person for harm proximately caused by another's conduct.  You may consider any dollar loss suffered, such as for medical expenses or lost wages, as well as a reasonable amount to compensate for any pain and suffering, including emotional pain and suffering, that you find to have occurred.  However, you may not award damages unless the plaintiff has demonstrated actual injury as I have defined it.

## 14.  Attorney's Fees

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiff's attorney may be entitled for handling this lawsuit.  That is a matter for this Court to consider, and may be awarded over and above damages awarded by the jury to the plaintiff.  The fees to which the plaintiff's attorney may be

entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.[19]

RESPECTFULLY SUBMITTED,
THE DEFENDANTS

By: _____

Audrey C. Kramer.
Assistant Corporation Counsel
Federal Bar No. ct14520
165 Church Street
New Haven, CT  06510
Tel. No. (203) 946-7968

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was either hand delivered or mailed, postage prepaid, on December 1, 2003, to the following counsel of record:

Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D010\P002\00006025.DOC

---

[18] 1L. Sand, et al, Modern Federal Jury Instruction, Inst. 88-150.
[19] A similar instruction was given by the Hon. Jose A. Cabranes in Bodner v. Haeckel, Civil No. N-86-338 (JAC).  In a previous case before Judge Cabranes, the jury had awarded "the fees of plaintiff's attorney" as the sole express damages.