UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**CLIFTON PETTEWAY**

    **VS.**　　　　　　　　　　　　　　　　**CASE NO. 3:02CV00779 (MRK)**

**CITY OF NEW HAVEN AND
NEW HAVEN BOARD OF FIRE
COMMISSIONERS**　　　　　　　　　　　**MAY 25, 2004**

### OBJECTION TO PLAINTIFF'S WITNESSES

    On this date, Plaintiff's counsel advised counsel for the defendant that she intends to call the following witnesses to testify in the above captioned matter:

    John Brantley

    Sheryl Broadnax

    Ron Dumas

    Ron Benson

    Gregory Liggins

    Freeman Troche

    William Gould

**ORAL ARGUMENT REQUESTED**

**<u>Objection as to Cumulative Evidence</u>**

The defendant objects to John Brantley, Sheryl Broadnax, Ronald Benson Gregory Liggins and Freeman Troche. All of the aforementioned witnesses have been listed to testify to the actions of the department regarding the plaintiff and regarding others similarly situated.

The basis of the defendant's objections is Federal Rules of Evidence 403. As the plaintiff has listed all five of the aforementioned witnesses as to testifying to the same thing, such witnesses will present needless cumulative evidence.

**<u>Objection as to John Brantley and Sheryl Broadnax</u>**

Furthermore, as to witnesses, Sheryl Broadnax and John Brantley, the defendants object to their testimony as to relevance, unfair prejudice and confusion of the issues. Both Brantley and Broadnax were terminated over an incident involving the downloading of personal information from a computer.

Sheryl Broadnax grieved her termination and it was changed into a six-month suspension, She appealed the decision and a Superior Court vacated her suspension. This is now on appeal. She also brought a lawsuit in Federal court alleging racial discrimination and gender discrimination for not only her termination but also other issues she had with the department.   A federal court jury found in her favor on gender discrimination only

John Brantley was also terminated and grieved his termination. The State Labor Board overturned his termination and gave him a eight-month suspension. Although he has appealed the decision of the State Labor Board to the Superior Court, his case has not yet been decided.

If this testimony is allowed, the defendants should be able to present evidence that the plaintiff grieved his termination and was unsuccessful.

**Objection as to Ron Benson**

Ron Benson was also involved in a federal lawsuit regarding an alleged violation of his first amendment rights regarding his speaking out about racial discrimination in the department. The department settled this matter. As this matter was settled, any mention of the incident would cause unfair prejudice to the defendants and confusion of the issues.

**THE DEFENDANTS,**

BY:/s/_____
Audrey C. Kramer
Assistant Corporation Counsel
165 Church Street
New Haven, CT  06510
Federal Bar #CT14520
Telephone: (203) 946-7968

## **CERTIFICATION**

This is to certify that on May 25, 2004, a copy of the foregoing Objection to Plaintiff's Witnesses has been mailed and faxed, postage prepaid to the following counsel and pro se parties of record.

Katrena Engstrom, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Audrey C. Kramer