UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT    NEW HAVEN

June 4, 2002
Kevin F. Rowe, Clerk
By: Kenneth R. Ghilardi
Deputy Clerk

**CLIFTON PETTEWAY**

VS.                             CASE NO. 3:02CV00779 (MRK)

**CITY OF NEW HAVEN AND
NEW HAVEN BOARD OF FIRE
COMMISSIONERS**                 JUNE 3, 2004

### DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS

**MITIGATION OF DAMAGES**

Even if you find that the plaintiff was damaged by a discriminatory act or constitutional deprivation by the defendant, he is required to mitigate his damages[1]. A discharged employee has a duty to use reasonable diligence in finding other suitable employment.[2]

If the defendant can show that the plaintiff failed to make an effort to seek comparable employment, the defendant is relieved of its burden to prove suitable employment existed.[3]

Similarly, if you find that the plaintiff reasonably attempted to mitigate his damages for a time but then unreasonably failed to do so during another time period, his actions may serve to reduce his recovery, if any. It was the plaintiff's duty to earn what he could from the time he was no longer working for the

---

[1] Dailey v. Societete Generale, 108 F.3d 451, 455 (2d Cir. 1997)
[2] Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982)
[3] Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-55 (2d Cir. 1998)

defendant. So, if you should find from a preponderance of the evidence that the plaintiff failed to seek out or refused employment that was reasonably available to him under all the circumstances shown by the evidence, including interim jobs, then you should reduce the amount of his damages by the amount he could have reasonably realized if he had taken advantage of such an opportunity.[4]

THE DEFENDANTS,

BY:/s/ _____
Audrey C. Kramer
Assistant Corporation Counsel
165 Church Street
New Haven, CT 06510
Federal Bar #CT14520
Telephone: (203) 946-7968

---

[4] Instruction given by the Hon. Warren W. Eginton in <u>Broadnax v. The City of New Haven</u>, Civil No. N-98-807 (WWE).

## CERTIFICATION

This is to certify that on June 4, 2004, a copy of the foregoing Defendant's Supplemental Jury Instructions has been hand-delivered to the following counsel and pro se parties of record.

Katrena Engstrom, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

_____
Audrey C. Kramer